IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
2009 JUL 28 PM 3:47
C. Robinson
S.D. DIST. OF GA.

JOHN ANDERSON BUTLER, JR.,

  Petitioner,

vs.          CIVIL ACTION NO.: CV208-051

DEBORAH A. HICKEY, Warden, and
BUREAU OF PRISONS,

  Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner John Anderson Butler, Jr. ("Butler"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. Butler filed a Reply. For the reasons which follow, Butler's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Butler was convicted of Aggravated Assault in the Volusia County Circuit Court in Daytona Beach, Florida, on September 27, 1988. Butler pled nolo contendere and received a 30 day sentence. The facts accompanying the conviction state that Butler approached the victim and threatened her. Butler used his left hand to point a 9 mm semi-automatic pistol at the victim while he used his right hand to slap her. (Doc. 9-2, Respondent's Ex. 6). Butler was later convicted of possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(II), and is now

serving a 96 month term of imprisonment imposed by the Middle District of Florida. (Doc. 9-2, Respondent's Ex. 2). In the instant petition, Butler contends that the Bureau of Prisons ("BOP") failed to follow the plain language of its policy statement and made an incorrect history of violence determination. Butler further contends that his aggravated assault conviction is not equivalent to aggravated assault as defined in the BOP policy statement.

Respondent asserts that the BOP's classification decisions are completely discretionary. Respondent further asserts that the BOP did not violate any policy statements. Respondent contends that Florida's aggravated assault is equivalent to aggravated assault as defined by the BOP.

## DISCUSSION AND CITATION OF AUTHORITY

Butler asserts that in determining his history of violence score, the BOP failed to follow the plain language of its own policy statement that "only those acts for which there are documented findings of guilt" should be considered. (Doc. No. 1, p. 3) (citing P.S. 5100.08). Butler contends that the BOP abused its discretion and acted arbitrarily by classifying his history of violence as serious. (Doc. No. 14, p. 1). Butler further contends that the policy statement language limits the discretion of the BOP to consider only the elements of the offense of guilt as found. (Id. at 3). Butler asserts that the BOP ignored its own regulations by looking to the underlying facts of his prior conviction. Butler contends that the definition of the Florida crime of aggravated assault is different from aggravated assault as defined by the BOP. (Id. 5). Butler further contends that the characterization of his prior conviction as an aggravated assault as defined by the BOP is impermissible because the Florida offense lacks the element of intent to cause

serious bodily harm or death. Butler asserts that a regulation may create a protected liberty interest if it uses mandatory language to place a substantive limit on official discretion. (Id. at 6) (citing U.S. v. Tubwell, 37 F. 3d 175, 179 (5th Cir. 1994)). Butler concedes that he does not have a protected liberty interest in his custody classification, but contends that the BOP abused its discretion by placing improper restrictions on him in violation of BOP policy. (Doc. No. 14, p. 6).

Respondent contends that the BOP should be dismissed from this action. (Doc. No. 9, p. 2). Respondent asserts that, pursuant to 18 U.S.C. §§ 4081 and 3621(b), BOP classification decisions are completely discretionary. (Id. at 6-7). Respondent further asserts that inmates do not have a liberty interest in their custody classification. (Id. at 7). Respondent contends that the BOP did not violate P.S. 5100.08. Respondent further contends that Butler fails to address the fact that the program statement states that, after a documented finding of guilt is established, the BOP can look to the offense behavior in determining the severity of the prior violent incident. (Id. at 8). Respondent asserts that the BOP properly interpreted 18 U.S.C. §§ 4081 and 3621. (Id. at 9-10). Respondent further asserts that Florida's aggravated assault is equivalent to aggravated assault as defined in P.S. 5100.08. (Id. at 10).

Pursuant to 18 U.S.C. §§ 4081 and 3621(b), Congress granted the BOP the full discretion to classify inmates. Fleming, 2008 WL 4793647, *2 (citing Cohen v. U.S., 151 F. 3d 1338, 1343 (11th Cir. 1998)). Section 4081 gives prison officials the right to classify inmates according to the nature of the offenses committed, their character and mental condition, and other factors that need to be considered in providing a safe and orderly penal system. Section 3621(b) authorizes the BOP to classify and assign

inmates to specific correctional institutions according to the resources of the facility contemplated, the nature and circumstances of the offense, the history and characteristics of the prisoner, and any statement by the court that imposed the sentence.

Consistent with § 3621(b), the BOP implemented P.S. 5100.08 to guide the inmate classification system. Butler's contention that P.S. 5100.08 limits the discretion of the BOP when determining an inmate's history of violence score to a consideration of only the elements of the offense of guilt as found is without merit. While P.S. 5100.08 provides that the BOP should consider only those acts for which there are documented findings of guilt, it goes on to state that the severity of violence is determined by the offense behavior, regardless of the conviction/finding of guilt offense. Thus, Butler's assertion that the BOP ignored its own regulations by looking at the underlying facts of his prior conviction is without merit. The BOP properly determined Butler's history of violence score by analyzing the behavior for which he was previously convicted, and not merely examining the elements of that offense.

Butler's contention that his prior Florida conviction for aggravated assault should not be classified as a serious history of violence is also without merit. P.S. 5100.08 defines minor history of violence as aggressive or intimidating behavior which is not likely to cause serious bodily harm or death. Listed as examples are simple assault, fights, and domestic disputes. P.S. 5100.08 defines serious history of violence as aggressive or intimidating behavior which is likely to cause serious bodily harm or death. Examples of serious history of violence are aggravated assault, domestic violence, intimidation involving a weapon, incidents involving arson or explosives, and

rape. The PSR states that, in Butler's prior conviction for aggravated assault, he approached the victim and threatened her by waving a 9mm pistol at her and slapping her with his right hand. (Doc. 9-2, Respondent's Ex. 6). P.S. 5100.08 lists intimidation with a weapon as an example of serious history of violence, which describes the offense behavior of Butler's aggravated assault conviction. Thus, the BOP properly categorized Butler's prior conviction in Florida for aggravated assault as a serious history of violence. Accordingly, Butler is not entitled to habeas corpus relief.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Butler's petition for habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 28th day of July, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE